WALTER W. SMITH, Respondent, *v.* BENJAMIN NANNEN, Appellant.
(Appeal No. 1.)

First Department, January 9, 1931.

*M. M. Wardell* of counsel [*Wills & Wardell*, attorneys], for the appellant.

*Frank Booth*, for the respondent.

FINCH, J. This is an appeal by the defendant from an order granting to the plaintiff an injunction against the defendant and appointing a receiver of the original partnership assets.

The defendant had been conducting a little plumbing shop for some fifteen years when, about July, 1926, the plaintiff, who had been previously employed as a workman by the defendant, returned to the employ of the defendant in the capacity of general manager and also perhaps a partner, that is to say, apparently the defendant continued to run the business, but the bank account was kept and the business carried on under the joint names of defendant and plaintiff. At the end of three years the parties disagreed and on or about the 1st day of December, 1929, the plaintiff wished to leave and asked for the sum of $100, in addition to a division of the present bank balance. Two days later, on December fourth, the defendant paid all the outstanding bills by check, including the rent, and on December twelfth, in discussion between the plaintiff and defendant, the plaintiff stated that he would take the sum of $300, but the defendant refused to pay this. At this time the plaintiff claims that there were no outstanding bills, and the accounts receivable totaled over $100. There were tools on the premises which had been purchased since July, 1926, valued at over $500, and tools which the defendant had prior to the partnership valued at over $1,000. Some improvements and renovations to the premises had been made, which neither party could get, as they inured to the benefit of the landlord. According to the plaintiff's own statement, therefore, the value of his interest was about $50 for outstanding accounts and $250 for tools, making in all $300, which was the amount he said he was willing to take.

The plaintiff in his affidavit further denies that he has made any attempt to hinder or prevent the defendant from conducting his business on the premises or that he has done anything whatsoever to injure his standing with customers. Plaintiff also swears that he has secured a position with another concern and has spent all his time in that business and has done absolutely nothing to inter-

fere or hinder the defendant in the operation of the business or in any other way.

This being the state of the record, the defendant should not have been enjoined from continuing the business of the copartnership nor should a receiver have been appointed.

This court has held many times that a receiver should not be appointed of a going business where a bond would be amply sufficient to protect the plaintiff.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, upon condition that defendant execute a bond in the sum of $500 for the payment to plaintiff of any amount which may be found due him.

DOWLING, P. J., MERRELL, McAVOY and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, upon condition that defendant execute a bond in the sum of $500 for the payment to plaintiff of any amount which may be found due him.